IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| McKESSON SPECIALTY DISTRIBUTION, LLC )<br>601 East Corporate Drive )<br>Lewisville, TX 75057 )<br> )<br>    Plaintiff )<br> )<br>    v. )<br> )<br>M. ASHRAF MEELU, M.D. )<br>d/b/a SOUTHERN MARYLAND ONCOLOGY )<br>10 St. Patrick's Drive, #408 )<br>Waldorf, MD 20603 )<br> )<br>    Defendant ) | Case No. 8:08-cv-852 |

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff McKesson Specialty Distribution, LLC ("McKesson") for its complaint for breach of contract against Defendant M. Ashraf Meelu, M.D., doing business as Southern Maryland Oncology ("Meelu"), avers:

### THE PARTIES

1.  Plaintiff McKesson is a limited liability corporation organized and existing under the laws of the State of Delaware with its principal place of business in Lewisville, Texas. McKesson is a specialty medical supply distributor.

2.  Defendant Meelu is a medical doctor residing in Maryland. He does business in Waldorf, Charles County, Maryland as Southern Maryland Oncology. Meelu is the sole proprietor of Southern Maryland Oncology. *See* Ex. A (Affidavit of M. Ashraf Meelu, M.D.).

## JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper under 28 U.S.C. § 1332 in that there is diversity of citizenship between McKesson and Meelu and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court under 28 U.S.C. § 1391(a).

## CLAIM FOR BREACH OF CONTRACT

5. On October 1, 2007, Meelu signed and submitted to McKesson a "Customer Application" agreement attached hereto as Exhibit B ("the Agreement"). Pursuant to that Agreement, Meelu agreed, among other things, to "30 Day Invoice Payment Terms," *i.e.*, to pay McKesson invoices "on or before the 30th day after the invoice date." Ex. B at 2. Meelu further agreed to pay McKesson invoices by "Cash Discount Payment." *Id.* McKesson by its authorized representative countersigned the Agreement on October 3, 2007. *Id.*

6. Pursuant to the Agreement, from October 2007 to January 2008, Meelu purchased and received from McKesson numerous medical supplies totaling hundreds of thousands of dollars. He also submitted periodic payments to McKesson by check, for which his account was duly credited.

7. The unpaid balance on Meelu's account with McKesson is $235,786.51, exclusive of interest charges and fees. This balance comprises several invoices that have remained unpaid since January of 2008 or earlier. Therefore, more than 30 days has passed since McKesson invoiced Meelu for this past due balance. Despite McKesson's demands for payment of the unpaid $235,786.51 balance, Meelu has refused to pay and continues to refuse to pay his past due balance.

BA2/339504

2

8. Meelu's refusal and continuing failure to pay the past due $235,786.51 balance is contrary to the terms of the Agreement and constitutes a material breach thereof.

9. As a result of Meelu's breach of the Agreement, as described above, McKesson has been damaged in the amount of $235,786.51. In addition to this amount, the Agreement provides that McKesson may recoup a late payment penalty in the amount of 2% of the principal balance owed. Ex. B at 2. The Agreement still further provides that McKesson is entitled to assess interest on unpaid invoices at a monthly rate of 1.5%. *Id.* The Agreement also provides that Meelu "agrees to pay all reasonable attorney fees and expenses or cost incurred by McKesson in enforcing its rights to collect any amounts due from Customer [Meelu]." *Id.*

WHEREFORE, McKesson requests that this Court:

A. Enter judgment in favor of McKesson and against Meelu in the amount of $235,786.51, plus a late fee pursuant to the Agreement in the amount of $4,715.73, or 2% of the unpaid principal balance;

B. Award to McKesson prejudgment interest on Meelu's unpaid invoices (totaling $235,786.51) pursuant to the Agreement at a monthly rate of 1.5%;

C. Award to McKesson its reasonable costs and attorneys' fees associated with the collection of this sum, as provided by the Agreement; and

D. Grant to McKesson such other relief as the Court deems appropriate.

Dated: April 4, 2008					/s/ Mark D. Maneche
						Matthew T. Murnane
						Federal Bar No. 24012
						Mark D. Maneche
						Federal Bar No. 23368
						VENABLE LLP
						Two Hopkins Plaza, Suite 1800
						Baltimore, Maryland 21201
						(410) 244-7400

						*Attorneys for Plaintiff McKesson Specialty Distribution, LLC*